## Girwood v. Carter

*R. C. Mauch,* for plaintiff.
*George R. Booth,* for defendant.

STEWART, P. J., November 12, 1934.—This is a petition to show cause why the writ of capias should not be set aside, and to show cause why the defendant should not be discharged on common bail. An answer was filed to the petition denying some of the facts, but it cannot be considered. All the authorities show that upon this application we are confined to the affidavit of the cause of action which the plaintiff filed. The questions here involved are well stated by the learned counsel for the plaintiff in his brief as follows:

"I. Whether a writ of capias ad respondendum will be set aside in an action of trespass for damages for malicious prosecution growing out of a charge of disorderly conduct?

"II. Whether a defendant in such a case will be discharged on common bail?"

We shall consider the second question first.

From the affidavit it appears that the plaintiff herein was arrested by a constable upon a warrant caused to be issued by the defendant charging the plaintiff with disorderly conduct. It avers that she was arrested, brought before the magistrate, and upon hearing, the magistrate determined that she was not guilty, and discharged her. The affidavit then avers as follows:

"7. Plaintiff avers that she has been put to great expense by the employment of counsel to represent her in connection with the unjust charge brought by said defendant against her, the said plaintiff; and she has been caused great humiliation, pain, and suffering incident to her arrest; she avers further that her reputation and good character have been damaged by reason thereof.

"8. Plaintiff avers that by reason of the wilful and malicious act of the defendant as aforementioned, she, the plaintiff, is entitled to punitive damages in addition to compensatory damages, both of which she hereby claims of the defendant.

"Deponent, therefore, respectfully prays that bail in a substantial amount be required of the above defendant to

warrant her presence in court when required and to compensate this deponent for injuries inflicted upon her."

Since the passage of the Act of July 12, 1842, P. L. 339, sec. 1, no person shall be arrested or imprisoned on any civil process issuing out of any court of this Commonwealth except in actions ex delicto and cases within the exceptions to the statute. In trespass the general rule is that bail is not demandable because there is no standard by which damages can be measured. Bail may be demanded in an action for malicious prosecution under certain circumstances. It is somewhat difficult to determine when it should be entered and when not, due to the many contradictory decisions on this subject. However, we are of opinion that in all cases the discretion of the court plays an important part. In the leading case of Duffield v. Smith et al., 6 Binn. 302, Mr. Chief Justice Tilghman on page 304 said:

"The general rule is, that in actions of trespass, bail is not demandable, because there is no standard by which the damages can be measured. But there are exceptions to this rule. One is, where the defendant is about to depart out of the jurisdiction of the court. Another is, where there has been a violent battery, in which the plaintiff may sometimes swear to damages to a certain amount, and it may be evident from a view of the wounds, that considerable damage must have been sustained. There are other cases where it is presumable that large damages will be given, because the subject may have been discussed in an action against others for a similar trespass."

Mr. Justice Yeates said at page 305:

"In matters of mere tort, bail is not of course, but may be directed by the special order of a judge, or of the whole court. In the exercise of an impartial legal discretion, they will either order or refuse bail, according to their view of the individual wrong which is the subject of the suit. When the injury complained of is not gross or enormous, the circumstance of the defendants having expressed no intention to leave the government, to whose

laws the plaintiff has appealed, will always have great weight.

"Judging by these rules, I concur in opinion, that the defendants should be discharged on common bail."

The law on the subject of arrest in civil actions was carefully considered by President Judge Arnold in Carroll v. Simons, 11 Dist. R. 47. After reviewing the legislation and many of the authorities in Barron v. Weber, 28 Dist. R. 83, 86, President Judge Martin said:

"The act of assembly and rule of court bring the present case within the class to which Yeates, J., referred in Duffield v. Smith, 6 Binn. 305, when he said: 'Although, in matters of mere tort, bail is not of course, it may be directed by special order of the court; and in the exercise of an impartial legal discretion, it may be ordered or refused, according to the view of the individual wrong which is the subject of the suit.' "

That decision was followed in Trestrail v. Mendel, 12 D. & C., 151, in which Judge MacDade reviews the authorities, and holds the defendant is not entitled to be released on common bail where the affidavit sets forth a violent personal injury from the reckless operation of an automobile, and damages are specified in a large amount setting forth the particulars. See also cases where no damages are specified in the affidavit: Longest et ux. v. Bridenbach, 1 W. N. C. 51; Moll v. Witmer 11 W. N. C. 498; and Havercamp v. Sheldon et ux., 15 W. N. C. 501. There are certain cases where no damages were specified in the affidavit, as for instance, in an action by a father for the seduction of his daughter: Zimmerman v. Smith, 14 Dist. R. 269, was that kind of case, and President Judge McClure, reasoning by analogy from slander cases, holds that bail should be entered.

In slander suits some of the rules that govern are referred to in the following cases:

In M'Cawley v. Smith, 4 Yeates 193, the Supreme Court said: *"Per, cur.* Unless some special damage can be

proved, or the words spoken charge the defendant with a crime of a gross nature, it is the course of the court uniformly, to discharge the defendant in slander, on common bail : and the defendant was discharged accordingly."

In Sargent v. Miller, 1 Woodward 438, the syllabus is: "Where plaintiff's right to recover in an action of slander depends on proof of special damages, the affidavit to hold to bail must show, with reasonable precision, how and why such damage accrued."

In Scott v. Crum, 1 Pearson 196, there is an excellent discussion of the law by Judge Pearson. The syllabus of the case is: "In an action of slander, special bail is demandable only where special damage is shown, or the defendant is about to go out of the jurisdiction of the court." On page 197 he quotes the following:

"In Barnes's Notes, p. 79, 80, it is said, in an action of trover for a ship, that as the damages were uncertain, 'the plaintiff was not entitled to bail without a judge's order.' 'In debt, assumpsit, trover, and covenant, by *ac etiam* bail is of course. In trespass, detinue, and special actions on the case, or covenant, at discretion; for words, no bail unless for slander of title.' This work is of the highest authority for all matters of practice. Still, we do not believe that bail is confined to slander of title merely, but embraces all other cases of special damage, as where a trader can prove his customers, in consequence of the charge, ceased to deal with him. A person that by reason thereof, he or she, lost a chance to marry, or any of the other cases enumerated, is special damage. The amount of that damage need not, and generally cannot be proved, but when special damage is shown, the court must use a sound discretion in fixing the bail." See also Morrison v. Gardner, 15 Phila. 175.

In A. B. et ux. v. R., 4 W. N. C. 185, 186, the court said: "Where the slander is so gross and injurious as this, we ought not to discharge the defendant on common bail, although no special damage is shown in the affidavit. The law presumes such a charge as this to be injurious."

In Zeller v. Katzengroh, 12 Pa. C. C. 451, the syllabus is: "In an affidavit to hold to bail in an action of trespass for slander an averment by the plaintiff that she was injured in her good name, fame and reputation without alleging any special damage, was held to be too general, and the defendant was discharged on common bail."

In Renninger v. Dillon, 2 Dist. R. 819, the syllabus is: "The question of the discharge of the defendant on common bail must be determined by the affidavit of the plaintiff alone.

"Special bail in an action for libel or slander will only be required where the plaintiff swears positively to special damages, or where the defendant is about to leave the jurisdiction."

From a consideration of the above authorities and many others, we have concluded that it is certain that bail must be entered in cases of assault and battery where serious injuries are inflicted; in cases of slander where the slander is of a gross nature; in other cases where special damages are alleged. In the present case there is no special damage alleged, as appears from the paragraphs of the affidavit first quoted, and the second question must be answered against the plaintiff's contention.

There is no difficulty about the first question. In Collins v. Hogg, 19 Dist. Rep. 975, 976, a capias was issued. That distinguished jurist, the late President Judge McIlvaine, refused to quash the capias, and amended the action as if it were an action of assumpsit. He said: "Although we are satisfied that the defendant in this case should not be held to special bail, still we do not think it is necessary to quash the writ issued and put the plaintiff to the additional cost of bringing a new action, especially as the defendant has appeared generally and the only injury of which he can justly complain is the fact that he was required to give special bail."

There is no occasion to amend the action here. A general appearance has been entered. That is enough.

And now, November 12, 1934, that part of the rule to show cause why the writ of capias should not be set aside is discharged; that part of the rule to show cause why the defendant should not be discharged on common bail is made absolute.